**Phillip Henry Davis SHERIDAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17493.**

United States Court of Appeals Fifth Circuit.

March 5, 1959.

Certiorari Denied May 18, 1959.

See 79 S.Ct. 1132.

P. H. D. Sheridan, in pro. per.

William M. Steger, U. S. Atty., Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

Appellant was convicted for unlawfully transporting in interstate commerce falsely made and forged securities in violation of 18 U.S.C. § 2314. He had pleaded not guilty and had a court-appointed attorney assist in his defense. He made a motion for a new trial which was denied, and his motion to prosecute an appeal in forma pauperis was denied. He filed a motion to vacate sentence and that was denied. Then, he filed the present motion to vacate sentence, subsequently amended to include a petition for a writ of coram nobis.

Appellant asserts that following his arrest in Wisconsin on August 13, 1955, he was held incommunicado and not

taken before a United States Commissioner until August 25. During this time he states that he was under sedatives, that he was questioned by an FBI agent, and that he furnished the agent with a statement and with samples of his handwriting, which statement and samples were used in his prosecution and conviction. The district court denied the motions on the ground that the matters afforded no basis for collateral attack and could be urged only on appeal. The memorandum decision states that, assuming a statement was taken from the appellant, it was not offered in evidence. The handwriting specimens were, however, offered into evidence and were a "vital" part of the Government's case. The decision states that no objection was made to this evidence during the trial and that the appellant did not raise the present objections in his motion for new trial, in his motion for leave to appeal in forma pauperis, or in his first motion to vacate the sentence.

The appellant first complains of the court's denial of his petition for coram nobis without granting him a hearing, and states that he was thus denied the opportunity to produce the records to show that he did raise these questions at the appropriate time. These were, however, matters of which the court could take judicial notice as appearing on its own records. See 28 U.S.C.A. § 2255.

Appellant next asserts that his court-appointed attorney was incompetent in that he allowed the case to go to trial without having present witnesses essential to the defense, and in that, although he was fully aware of the facts of the case, he failed to make the proper objections to the admission of the illegally obtained handwriting specimens, etc. For reasons expressed at length by Judge Prettyman of the D. C. Circuit in the recent case of Mitchell v. United States, 1958, 259 F.2d 787, we find no merit in that contention.

The judgment is

Affirmed.